UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| **Federal National Mortgage Association ("Fannie Mae")** | CIVIL ACTION NO: |
| **Plaintiff** | **COMPLAINT** |
| vs. | |
| **Kimberly Dionne** | |
| **Defendant** | |

NOW COMES the Plaintiff, Federal National Mortgage Association ("Fannie Mae"), by and through its attorneys, Doonan, Graves & Longoria, LLC, and hereby complains against the Defendant, Kimberly Dionne, as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this action pursuant 28 U.S.C. § 1332(a)(1) (Diversity) because the Plaintiff and Defendant are citizens of different states and the matter in controversy exceeds the sum or value of seventy-five thousand and 00/100 ($75,000.00) dollars, exclusive of interest and costs.  Any Court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought under 28 U.S.C. § 2201.

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1) because the object of this litigation is a Note executed under seal currently owned and held by Federal National Mortgage Association ("Fannie Mae"), in which the Defendant, Kimberly Dionne, is the obligor and the total amount owed under the terms of the Note is One Hundred Forty Nine Thousand Fifty Five and 38/100 ($149,055.38) Dollars, plus attorney fees and costs associated with the instant action; thus, the amount in controversy exceeds the jurisdictional threshold of seventy-five thousand ($75,000.00) dollars.

3. Venue is properly exercised pursuant to 28 U.S.C. §1391(b)(2) insofar as all or a substantial portion of the events that give rise to the Plaintiff's claims transpired in Maine and the property is located in Maine.

## PARTIES

4. Federal National Mortgage Association ("Fannie Mae") is a National Association, with its principal place of business located at 14221 Dallas Parkway, Dallas, TX 75254.

5. The Defendant, Kimberly Dionne, is a resident of Poland, County of Androscoggin and State of Maine.

## FACTS

6. On May 19, 2006, by virtue of a Warranty Deed from Kimberly Dionne, which is recorded in the Androscoggin County Registry of Deeds in **Book 6766, Page 150**, the property situated at 181 Watson Road, County of Androscoggin, and State of Maine, was conveyed to the Defendant, Kimberly Dionne, being more particularly described by the attached legal description.  *See* Exhibit A (a true and correct copy of the deed is attached hereto and incorporated herein).

7. On May 19, 2006, the Defendant, Kimberly Dionne, executed and delivered to First Magnus Financial Corporation a certain Note in the amount of $161,500.00.  *See* Exhibit B (a true and correct copy of the Note is attached hereto and incorporated herein).

8. On September 11, 2017, the Defendant, Kimberly Dionne, was sent a Notice of Default, as evidenced by the Certificate of Mailing (herein after referred to as the "Demand Letter").  *See* Exhibit C (a true and correct copy of the Demand Letter is attached hereto and incorporated herein).

9. The Demand Letter informed the Defendant, Kimberly Dionne, of the payment due date, the total amount necessary to cure the default, and the deadline by which the default must be cured, which was thirty-five (35) days from receipt of the Notice of Default.  *See* Exhibit D (a true and correct copy of the Payment History is attached hereto and incorporated herein).

10. The Defendant, Kimberly Dionne, failed to cure the default prior to the expiration of the Demand Letter.

11. The Plaintiff, Federal National Mortgage Association ("Fannie Mae"), is the present holder of the Note pursuant to endorsement by the previous holder (if applicable), payment of value and physical possession of the Note in conformity with 11 M.R.S. § 3-1201, et seq., 10 M.R.S. § 9416, and *Simansky v. Clark*, 147 A. 205, 128 Me. 280 (1929).

12. The Plaintiff, Federal National Mortgage Association ("Fannie Mae"), is the lawful holder and owner of the Note. The total debt owed under the Note as of November 16, 2018, is One Hundred Forty Nine Thousand Fifty Five and 38/100 ($149,055.38) Dollars, which includes Unpaid Principal Balance in the amount of One Hundred Thirty Nine Thousand One Hundred Forty Seven and 31/100 ($139,147.31) Dollars; Unpaid Interest

in the amount of Four Thousand Fifty Six and 84/100 ($4,056.84) Dollars; Escrow Overdraft in the amount of Four Thousand Two Hundred Fifty Eight and 63/100 ($4,258.63); Late Charges Due in the amount of Two Hundred Twenty Eight and 96/100 ($228.96) Dollars; Legal Fees and Costs in the amount of One Thousand Eighty and 56/100 ($1,080.56) Dollars; PRO RATA MIP/PMI in the amount of Twenty Six and 92/100 ($26,92); Property Inspection Costs in the amount of Two Hundred Twenty Five and 00/100 ($225.00) Dollars; Property Preservation Costs in the amount of Five Hundred Eight and 84/100 ($540.00); Less Suspense in the amount of Five Hundred Eight and 84/100 (-$508.84) Dollars.  *See* Exhibit D (a true and correct copy of the Payment History is attached hereto and incorporated herein).

13. Upon information and belief, the Defendant, Kimberly Dionne, is presently in possession of the subject property originally secured by the Note.

14. The Defendant is not in the Military.  *See* Exhibit E (a true and correct copy of the Affidavit Relating to Military Search is attached hereto and incorporated herein).

## COUNT I – BREACH OF NOTE

15. The Plaintiff, Federal National Mortgage Association ("Fannie Mae"), repeats and re-alleges paragraphs 1 through 14 as if fully set forth herein.

16. On May 19, 2006, the Defendant, Kimberly Dionne, executed and delivered to First Magnus Financial Corporation a certain Note in the amount of $161,500.00.  *See* Exhibit B.

17. The Defendant, Kimberly Dionne, is in default for failure to properly tender the July 1, 2017 payment and all subsequent payments.  *See* Exhibit D.

18. The Plaintiff, Federal National Mortgage Association ("Fannie Mae"), is the proper holder of the Note and is entitled to enforce the terms and conditions of the Note due to its breach by the Defendant, Kimberly Dionne.

19. The Defendant, Kimberly Dionne, having failed to comply with the terms of the Note, is in breach of the Note.

20. The Defendant Kimberly Dionne's breach is knowing, willful, and continuing.

21. The Defendant Kimberly Dionne's breach has caused Plaintiff Federal National Mortgage Association ("Fannie Mae") to suffer actual damages, including, but not limited to money lent, interest, expectancy damages, as well as attorney's fees and costs.

22. The total debt owed under the Note as of November 16, 2018, is One Hundred Forty Nine Thousand Fifty Five and 38/100 ($149,055.38) Dollars, which includes Unpaid Principal Balance in the amount of One Hundred Thirty Nine Thousand One Hundred Forty Seven and 31/100 ($139,147.31) Dollars; Unpaid Interest in the amount of Four Thousand Fifty Six and 84/100 ($4,056.84) Dollars; Escrow Overdraft in the amount of Four Thousand Two Hundred Fifty Eight and 63/100 ($4,258.63); Late Charges Due in the amount of Two Hundred Twenty Eight and 96/100 ($228.96) Dollars; Legal Fees and Costs in the amount of One Thousand Eighty and 56/100 ($1,080.56) Dollars; PRO RATA MIP/PMI in the amount of Twenty Six and 92/100 ($26,92); Property Inspection Costs in the amount of Two Hundred Twenty Five and 00/100 ($225.00) Dollars; Property Preservation Costs in the amount of Five Hundred Eight and 84/100 ($540.00); Less Suspense in the amount of Five Hundred Eight and 84/100 (-$508.84) Dollars. *See* Exhibit E.

23. Injustice can only be avoided by awarding damages for the total amount owed under the Note including interest, plus costs and expenses, including attorney fees.

## COUNT II – BREACH OF CONTRACT

24. The Plaintiff, Federal National Mortgage Association ("Fannie Mae"), repeats and re-alleges paragraphs 1 through 23 as if fully set forth herein.

25. By executing, under seal, and delivering the Note, the Defendant, Kimberly Dionne, entered into a written contract with First Magnus Financial Corporation who agreed to loan the amount of $161,500.00 to the Defendant.  *See* Exhibit B.

26. The Plaintiff, Federal National Mortgage Association ("Fannie Mae"), is the proper holder of the Note and successor-in-interest to First Magnus Financial Corporation, and has performed its obligations under the Note.

27. The Defendant, Kimberly Dionne, breached the terms of the Note by failing to properly tender the July 1, 2017 payment and all subsequent payments.  *See* Exhibit D.

28. The Plaintiff, Federal National Mortgage Association ("Fannie Mae"), is the proper holder of the Note, and is entitled to enforce the terms and conditions of the Note due to its breach by the Defendant, Kimberly Dionne.

29. The Defendant, Kimberly Dionne, having failed to comply with the terms of the Note, is in breach of contract.

30. The Defendant, Kimberly Dionne, is indebted to Federal National Mortgage Association ("Fannie Mae") in the sum of One Hundred Forty Six Thousand Three Hundred Five and 64/100 ($146,305.64) Dollars, for money lent by the Plaintiff, Federal National Mortgage Association ("Fannie Mae"), to the Defendant.

31. Defendant Kimberly Dionne's breach is knowing, willful, and continuing.

32. Defendant Kimberly Dionne's breach has caused Plaintiff, Federal National Mortgage Association ("Fannie Mae"), to suffer actual damages, including, but not limited to money lent, interest, expectancy damages, as well as attorney's fees and costs.

33. The total debt owed under the Note as of November 16, 2018, is One Hundred Forty Nine Thousand Fifty Five and 38/100 ($149,055.38) Dollars, which includes Unpaid Principal Balance in the amount of One Hundred Thirty Nine Thousand One Hundred Forty Seven and 31/100 ($139,147.31) Dollars; Unpaid Interest in the amount of Four Thousand Fifty Six and 84/100 ($4,056.84) Dollars; Escrow Overdraft in the amount of Four Thousand Two Hundred Fifty Eight and 63/100 ($4,258.63); Late Charges Due in the amount of Two Hundred Twenty Eight and 96/100 ($228.96) Dollars; Legal Fees and Costs in the amount of One Thousand Eighty and 56/100 ($1,080.56) Dollars; PRO RATA MIP/PMI in the amount of Twenty Six and 92/100 ($26,92); Property Inspection Costs in the amount of Two Hundred Twenty Five and 00/100 ($225.00) Dollars; Property Preservation Costs in the amount of Five Hundred Eight and 84/100 ($540.00); Less Suspense in the amount of Five Hundred Eight and 84/100 (-$508.84) Dollars. *See* Exhibit E.

34. Injustice can only be avoided by awarding damages for the total amount owed under the Note, and for money had and received, including interest, plus costs and expenses, including attorney fees.

## COUNT III – QUANTUM MERUIT

35. The Plaintiff, Federal National Mortgage Association ("Fannie Mae"), repeats and re-alleges paragraphs 1 through 34 as if fully set forth herein.

36. First Magnus Financial Corporation, predecessor-in-interest to Federal National Mortgage Association ("Fannie Mae"), loaned Defendant, Kimberly Dionne, $161,500.00.  *See* Exhibit B.

37. The Defendant, Kimberly Dionne, is in default for failure to properly tender the July 1, 2017 payment and all subsequent payments.  *See* Exhibit D.

38. As a result of the Defendant's failure to perform under the terms of their obligation, the Defendant, Kimberly Dionne, should be required to compensate the Plaintiff, Federal National Mortgage Association ("Fannie Mae").

39. As such, the Plaintiff, Federal National Mortgage Association ("Fannie Mae"), is entitled to relief under the doctrine of *quantum meruit.*

40. The total debt owed under the Note as of November 16, 2018, is One Hundred Forty Nine Thousand Fifty Five and 38/100 ($149,055.38) Dollars, which includes Unpaid Principal Balance in the amount of One Hundred Thirty Nine Thousand One Hundred Forty Seven and 31/100 ($139,147.31) Dollars; Unpaid Interest in the amount of Four Thousand Fifty Six and 84/100 ($4,056.84) Dollars; Escrow Overdraft in the amount of Four Thousand Two Hundred Fifty Eight and 63/100 ($4,258.63); Late Charges Due in the amount of Two Hundred Twenty Eight and 96/100 ($228.96) Dollars; Legal Fees and Costs in the amount of One Thousand Eighty and 56/100 ($1,080.56) Dollars; PRO RATA MIP/PMI in the amount of Twenty Six and 92/100 ($26,92); Property Inspection Costs in the amount of Two Hundred Twenty Five and 00/100 ($225.00) Dollars; Property Preservation Costs in the amount of Five Hundred Eight and 84/100 ($540.00); Less Suspense in the amount of Five Hundred Eight and 84/100 (-$508.84) Dollars.  See Exhibit D.

## COUNT IV –UNJUST ENRICHMENT

41. The Plaintiff, Federal National Mortgage Association ("Fannie Mae"), repeats and re-alleges paragraphs 1 through 40 as if fully set forth herein.

42. First Magnus Financial Corporation, predecessor-in-interest to Federal National Mortgage Association ("Fannie Mae"), loaned the Defendant, Kimberly Dionne, $161,500.00.  *See* Exhibit B.

43. The Defendant, Kimberly Dionne, has failed to repay the loan obligation.

44. As a result, the Defendant, Kimberly Dionne, has been unjustly enriched to the detriment of the Plaintiff, Federal National Mortgage Association ("Fannie Mae") as successor-in-interest to First Magnus Financial Corporation by having received the aforesaid benefits and money and not repaying said benefits and money.

45. As such, the Plaintiff, Federal National Mortgage Association ("Fannie Mae"), is entitled to relief.

46. The total debt owed under the Note as of November 16, 2018, is One Hundred Forty Nine Thousand Fifty Five and 38/100 ($149,055.38) Dollars, which includes Unpaid Principal Balance in the amount of One Hundred Thirty Nine Thousand One Hundred Forty Seven and 31/100 ($139,147.31) Dollars; Unpaid Interest in the amount of Four Thousand Fifty Six and 84/100 ($4,056.84) Dollars; Escrow Overdraft in the amount of Four Thousand Two Hundred Fifty Eight and 63/100 ($4,258.63); Late Charges Due in the amount of Two Hundred Twenty Eight and 96/100 ($228.96) Dollars; Legal Fees and Costs in the amount of One Thousand Eighty and 56/100 ($1,080.56) Dollars; PRO RATA MIP/PMI in the amount of Twenty Six and 92/100 ($26,92); Property Inspection Costs in the amount of Two Hundred Twenty Five and 00/100 ($225.00) Dollars; Property

Preservation Costs in the amount of Five Hundred Eight and 84/100 ($540.00); Less Suspense in the amount of Five Hundred Eight and 84/100 (-$508.84) Dollars.  See Exhibit D.

## PRAYERS FOR RELIEF

WHEREFORE, the Plaintiff, Federal National Mortgage Association ("Fannie Mae"), prays this Honorable Court:

a) Find that the Defendant, Kimberly Dionne, is in breach of the Note by failing to make payment due as of July 1, 2017, and all subsequent payments;

b) Find that the Defendant, Kimberly Dionne, entered into a contract for a sum certain in exchange for a loan;

c) Find that the Defendant, Kimberly Dionne, is in breach of contract by failing to comply with the terms and conditions of the Note by failing to make the payment due July 1, 2017 and all subsequent payments;

d) Find that the Plaintiff, Federal National Mortgage Association ("Fannie Mae"), is entitled to enforce the terms and conditions of the Note;

e) Find that by virtue of the money retained by the Defendant, Kimberly Dionne has been unjustly enriched at the Plaintiff's expense;

f) Find that such unjust enrichment entitles the Plaintiff, Federal National Mortgage Association ("Fannie Mae"), to restitution;

g) Find that the Defendant, Kimberly Dionne, is liable to the Plaintiff, Federal National Mortgage Association ("Fannie Mae"), for money had and received;

h) Find that the Defendant, Kimberly Dionne, is liable to the Plaintiff for quantum meruit;

i) Find that the Defendant, Kimberly Dionne, has appreciated and retained the benefit of the Note and the subject property;

j) Find that it would be inequitable for the Defendant, Kimberly Dionne, to continue to appreciate and retain the benefit of the Note and subject property without recompensing the appropriate value;

k) Find that the Plaintiff, Federal National Mortgage Association ("Fannie Mae"), is entitled to restitution for this benefit from the Defendant, Kimberly Dionne;

l) Determine the amount due on said Note, including principal, interest, reasonable attorney's fees and court costs;

m) Additionally, issue a money judgment against the Defendant, Kimberly Dionne, and in favor of the Plaintiff, Federal National Mortgage Association ("Fannie Mae"), in the amount of One Hundred Forty Nine Thousand Fifty Five and 38/100 ($149,055.38) Dollars, the total debt owed under the Note plus interest and costs including attorney's fees and costs;

n) For such other and further relief as this Honorable Court deems just and equitable.

                                              Respectfully Submitted,
Federal National Mortgage Association ("Fannie Mae"),
By its attorneys,

Dated: November 13, 2018

                                              <u>/s/ John A. Doonan</u>
John Doonan, Esq. (BBO# 3250)
Doonan, Graves & Longoria, LLC
100 Cummings Center
Suite 225D
Beverly, MA 01915

(978) 921-2670